**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**ESTHER SALAS**<br>UNITED STATES MAGISTRATE JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>ROOM 2037<br>NEWARK, NJ 07101<br>973-297-4887 |

November 2, 2011

### LETTER OPINION

Re:   **Jerson A. Gallego-Gomez v. John J. Clancy, et al.,
      Civil Action No. 11-5942 (ES)**

Dear Parties:

Petitioner, Jerson A. Gallego-Gomez ("Petitioner" or "Mr. Gallego-Gomez"), is currently being held by the Bureau of Immigration and Customs Enforcement Agency ("ICE") in Newark, New Jersey pending his removal from the United States of America. On October 12, 2011, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 asking that this Court "find that the order of removal pursuant to which he is in custody and awaiting removal was issued without jurisdiction and without notice." (Petition at p. 2). Simultaneously, Petitioner filed an Order to Show Cause seeking a stay of his deportation pending the Court's ruling on his writ.

Following an emergent hearing, this Court ordered the parties to provide supplemental briefing as to whether this Court has subject matter jurisdiction to consider petitioner's challenge in light of the REAL ID Act, 8 U.S.C. § 1252, et seq., and temporarily stayed removal proceedings pending its determination of said jurisdictional question.

**I.   Background**

The following facts are taken from the records provided by Mr. Gallego-Gomez in support of his petition. On January 24, 2001, Petitioner and three companions – Orlando Paz-Iturrez, Manuel Antonio Para-Iturres, and Gildardo Gomez-Garcia – entered the United States of America at Miami International Airport, Miami, Florida. All four individuals were placed in removal proceedings. On or about July 11, 2001, Andrew Brown, Esq. moved on behalf of Petitioner to consolidate all four

actions. The motion was granted. On July 29, 2004 ("July 29 Decision"), the Immigration Judge ("IJ") issued a decision in the consolidated actions denying Petitioner's claim for asylum and ordering him removed to Colombia.

On August 12, 2004, Richard Toscano, Esq. filed an appeal of the IJ's decision solely on behalf of Orlando Paz-Iturrez with the Board of Immigration Appeals ("BIA"). (*See* Petition Exh. F, Box 1). Based on the record before the Court it does not appear that Petitioner filed a notice of appeal with the BIA. Petitioner, however, contends that the BIA attempted to serve Mr. Brown – his counsel before the IJ – with a request to enter an appearance in that matter, but that request was returned as undeliverable. Petitioner further contends that in spite of the fact that he filed a notice of change of address with the BIA, he did not receive notice of the hearing.

On November 7, 2005, the BIA adopted the IJ's July 29 Decision with respect to Mr. Paz-Iturrez. In a separate opinion issued on that same day, the BIA also affirmed and adopted the IJ's decision with respect to Petitioner as well as Manuel Antonio Parra-Iturres, Gildardo Gomez-Garcia. Petitioner contends that the BIA took up his appeal even though he did not file a notice of appeal and failed to provide him with adequate notice of the appellate proceeding. In light of the BIA's decision, Petitioner asks this Court to "find that the order of removal pursuant to which he is in custody and awaiting removal was issued without jurisdiction and without notice." (Petition at p. 2).

## II.   **Discussion**

Whether or not this Court has subject matter jurisdiction over Petitioner's Section 2241 claim turns on the precise nature of his claim or claims. Pursuant to the REAL ID Act, this Court lacks jurisdiction over any claims asserted by Petitioner which seek to challenge his underlying removal order. *See*, REAL ID Act, 8 U.S.C. § 1252(a)(5) (stating "Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision ... a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, ...."). This Court does, however, retain jurisdiction over challenges to Petitioner's detention. *See Bonhometre v. Gonzales*, 414 F.3d 442, 445-46 (3d Cir. 2005) (recognizing that the REAL ID Act did not eliminate district court habeas jurisdiction over alien's challenge to detention).

Here, Petitioner maintains that this Court retains subject matter jurisdiction over his petition as he is not challenging the merits of the BIA's decision, but rather that the BIA lacked jurisdiction to issue its decision. *See* Pet. Br. at 1 ("[Petitioner] challenges [sic] jurisdiction of the Board to order his removal without notice"). However, at bottom, Petitioner asks this Court to "find that the final order of removal entered against him is without legal force or effect because it was issued without notice." (*See* Certification of Suarez-Silverio in Support of Petition; *see also* Proposed Order). The REAL ID Act strips District Courts of subject matter jurisdiction over challenges to the notice of a removal hearing because such a challenge "directly implicates" the order of removal. *See Nnadika v. Attorney General*, 484 F.3d 626, 632 (3d Cir. 2007) ("Challenges that directly implicate the order of removal, such as [a] challenge to the notice of the removal hearing ... are properly the subject of ... the REAL ID Act."). Based on the Third Circuit's holding in *Nnadika,* it stands to reason that the REAL ID Act strips district courts of subject matter jurisdiction where – as here – a petitioner challenges the notice of an *appeal* of removal because such an attack "directly implicates" the order of removal by challenging the BIA's jurisdiction to affirm said order. Accordingly, this Court lacks subject jurisdiction over Petitioner's writ and it must be dismissed.[1]

### III.   Conclusion

Any challenge that Petitioner may be attempting to assert here with regard to BIA's decision affirming the removal order issued against him, including his request for a stay of removal, must be filed with the appropriate United States Court of Appeals.[2] This Court lacks jurisdiction over

---

[1] With respect to Petitioner's Suspension Clause argument, the Court notes that the REAL ID Act's repeal of habeas jurisdiction over final orders of removal from the district courts is constitutional because "Congress [can], without raising any constitutional questions, provide an adequate substitute [to habeas review] through the courts of appeals." *See INS v. St. Cyr*, 533 U.S. 289, 314 n .38 (citing *Swain v. Pressley*, 430 U.S. 372, 381 (1977)); *see also Alexandre v. U.S. Attorney Gen.*, 452 F.3d 1204, 1206 (11th Cir. 2006) (REAL ID Act does not violate Suspension Clause because it "offers the same review as that formerly afforded in habeas corpus which provided legal, but not factual or discretionary, determinations.").

[2] Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631. This Court declines to transfer Petitioner's action because it would not be in the interests of justice to transfer to the Court of Appeals what Petitioner concedes is an untimely petition for review. (*See* Pet. Br. at p. 2)("Since is has been more than 30 days from the issuance of the final order, there is no jurisdiction in the Court of Appeals to hear the case.")

Petitioner's claim for a stay of removal, and his emergent motion seeking such relief shall be denied accordingly, without prejudice to petitioner raising such motion in any anticipated proceedings for judicial review of his removal order before the appropriate United States Court of Appeals. An appropriate order accompanies this opinion.

**SO ORDERED.**

*/s/ Esther Salas*
**United States District Judge**